### CATHERINE BRADLEY v. EMELINE H. JOHNSON.

1. A replication setting up new matter must conclude with a verification.
2. A replication to a plea of coverture, setting up facts which, by force of the act of 1862, imposes upon a married woman a liability to answer for her contracts, is a departure from a declaration setting up a common law liability.

This is a motion to strike out the second and third replications to a plea.

Argued at June Term, 1883, before Justices SCUDDER, REED and MAGIE.

For the motion, *G. W. Hubbell.*

*Contra, R. S. Green.*

The opinion of the court was delivered by

REED, J. The declaration was upon a bond made by a woman. The plea was coverture. The replications set up such facts as it was supposed fixed a liability upon a married woman, by force of the act of 1862. *Nix. Dig., p.* 548. The bond was made previous to the enactment of the present act relative to the ability of married women to enter into contracts. *Rev., p.* 637.

The replications concluded to the country. They set up new matter, and should have concluded with a verification.

For this reason, the motion must prevail.

There is another view, in which the replications must be regarded with disfavor. They are departures from the ground taken in the declaration. In the case of *Eckert* v. *Reuter,* 4 *Vroom* 266, it was ruled that, in actions under this statute, the declarations should be special, and not simply on the common counts. The rule is that, where the plaintiff should have founded his action upon a statute, his declaration assert-

ing a right at common law is not supported by a replication grounded upon the statute. *Gould Plead., ch. VIII.*, §§ 69, 70.

The replications must be struck out, with leave to the plaintiff to amend his declaration upon payment of costs.